IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| R.B. | Case No. 4:19-cv-03004 |
| Plaintiff, | Judge David Hittner |
| v. | OPPOSITION TO MOTION TO STAY DISCOVERY |
| JENNIFER M. SMITH, ET AL. | |
| Defendants | |

Plaintiff R.B. respectfully submits this Opposition to Defendants' Motion to Stay Discovery. (Doc#32.)  As grounds for this Opposition, Plaintiff states:

1. Plaintiff does not contest that a limited stay of discovery as to those matters pertinent to the qualified immunity defense may be appropriate.  *See Lion Boulos v. Wilson*, 834 F.2d 504 (5th Cir. 1987).

2. However, Plaintiff has also asserted claims for declaratory and injunctive relief against Defendants in their official capacity.  These claims are not subject to qualified immunity.  Qualified immunity shields government officials from money damages, not suits for injunctive or declaratory relief.  *Davis v. Lensing*, 139 F.3d 899 (5th Cir. 1998), *citing Chrissy F. by Medley v. Mississippi Dep't of Pub. Welfare*, 925 F.2d 844, 849 (5th Cir. 1991); *Yates v. Stalder*, 217 F.3d 332, 333 n. 2 (5th Cir. 2000) ("We note that qualified immunity is not a defense to Plaintiff's claims for declaratory and injunctive relief.").  The Fifth Circuit has held that "neither sovereign nor qualified immunity prevent [a plaintiff] from pursuing declaratory and injunctive relief against. . .state officials."  *Mayfield v. Texas Dep't Of Criminal Justice*, 529 F.3d 599, 606 (5th Cir. 2008).

1

3. Accordingly, this Court should not stay discovery on issues related to Plaintiff's claims for declaratory and injunctive relief. Defendants' interest in avoiding the burden of discovery is minimal, since the qualified immunity motion will not lead to the resolution of this case and Defendants will inevitably have to respond to discovery on these issues.[1] Instead, a stay of discovery that encompasses Plaintiff's claims for declaratory and injunctive relief will only serve to delay the resolution of this matter. This would prejudice Plaintiff. *See Thomas v. City of Benoit, N.D.Miss.* No. 4:18-cv-00115-GHD-JMV, 2018 U.S. Dist. LEXIS 183355, at *7 (Oct. 24, 2018)(Plaintiffs have a legitimate interest in the expeditious resolution of their case."), *quoting Plumbers & Pipefitters Natl. Pension Fund v. Transworld Mechanical,* 886 F.Supp. 1134, 1140 (S.D.N.Y.1995).

**Wherefore**, the Court should deny the Motion to Stay Discovery as to Plaintiff's claims for declaratory and injunctive relief.

---

[1] Defendants claim to be concerned about "two rounds of discovery." This is not necessarily an inevitable result, as the issues surrounding the individual capacity and official capacity claims are distinct. The individual capacity claims concern how Plaintiff was treated. The official capacity claims concern broader policies and practices at Texas A&M.

Regardless, an easy solution to this concern is to not stay discovery at all. This is Defendants' choice, however. Defendants could withdraw this Motion and allow discovery on all claims to proceed at the same time. It is also possible – since the Motion to Dismiss has not, yet, been filed, that factual development will be required in order for the Court to determine whether qualified immunity is applicable. In that situation, Plaintiff may seek limited discovery on the issue of the qualified immunity claim, anyway. *Schultea v. Wood*, 47 F.3d 1427, 1434 (5th Cir. 1995)

Respectfully submitted,

　/s/ Joshua A. Engel
James Holtz (09931450, Fed Bar No. 1452)
Will Holtz (24092533, Fed Bar No. 308796)
THE HOLTZ LAW FIRM, P.C.
2121 Sage Road, Suite 250
Houston, Texas 77056
713-467-1396
jholtz@holtzlegal.com
wholtz@holtzlegal.com

Joshua Adam Engel (0075769)
Anne Tamashasky (0064393)
*Pro hac vice*
ENGEL AND MARTIN, LLC
4660 Duke Dr., Ste 101
Mason, OH 45040
(513) 445-9600
(513) 492-8989 (Fax)
engel@engelandmartin.com
tamashasky@engelandmartin.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been electronically served via the ECF system this October 18, 2019 upon all counsel of record.


　　　/s/ Joshua Engel